

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00182-CV

---

IN RE COMMITMENT OF VANCE S. PIPKIN, APPELLANT

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2020-540,367, Honorable John J. "Trey" McClendon III, Presiding

---

November 17, 2022

## ORDER ON MOTION TO ABATE APPEAL

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Vance S. Pipkin, was declared a sexually violent predator by a jury.[1] The sole question on which the jury's verdict was based asked, "Do you find beyond a reasonable doubt that VANCE S. PIPKIN is a sexually violent predator." The jury answered, "Yes."

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 841.081.

Pending before this Court is a motion filed by Pipkin, in which he requests that this appeal be abated to the trial court for an evidentiary hearing on his *Motion for New Trial*. For the reasons expressed herein, the motion to abate is denied.

Pursuant to Rule 327 of the Texas Rules of Civil Procedure, Pipkin asserts the trial court should have conducted a hearing on his motion for new trial by which he alleged, among other things, improper communication by the trial court to the jury and jury misconduct. The alleged improper communication is the trial court's oral pronouncement to the jurors as they were headed to deliberations, "Go back there and make your findings beyond a reasonable doubt." Allegations of jury misconduct are reflected in the affidavit of Pipkin's counsel in support of a motion for new trial. They include declarations that (1) counsel spoke with the jury foreperson and another juror who both conveyed to him that the trial court's instructions were confusing; (2) the jury foreperson informed counsel that "the jurors believed they could find Mr. Pipkin had a behavioral abnormality if it was just *likely*" that he had a behavioral abnormality and did not believe they had to so find beyond a reasonable doubt; and (3) the jury foreperson indicated that jurors believed that if a "no" answer was returned on the jury question, Pipkin would be released soon without supervision and treatment and the jurors were not willing to risk that possibility.

Rule 327 provides in relevant part as follows:

> When the ground of a motion for new trial, supported by affidavit, is misconduct of the jury . . . or because of any communication made to the jury . . . the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the communication made . . . be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party.

2

TEX. R. CIV. P. 327(a).  As previously noted, the affidavit in support of Pipkin's motion for new trial is from a non-juror, his counsel.  Generally, an affidavit from a non-juror regarding jury deliberations is hearsay and not competent evidence to support a claim of jury misconduct.  *See Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 369 (Tex. 2000).  *See also Pabich v. Kellar*, 71 S.W.3d 500, 510 (Tex. App.—Fort Worth 2002, pet. denied) (finding that affidavits from counsel do not satisfy the requirements of Rule 327(a) presumably because they cannot be based on personal knowledge given the secretive nature of jury deliberations); *Clancy v. Zale Corp.*, 705 S.W.2d 820, 828–29 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (finding affidavits from counsel to be incompetent evidence of jury misconduct).

The assertions presented by Pipkin's counsel in his affidavit are based on hearsay and do not present competent evidence to support allegations of improper communication by the trial court or jury misconduct in the motion for new trial.  Thus, the trial court did not abuse its discretion in failing to hold an evidentiary hearing on Pipkin's motion for new trial.  Pipkin's motion to abate this appeal is denied and the appeal will proceed in due course.

It is so ordered.

Per Curiam